FOUST *v.* DERENBERGER, ADMX.

(Decided October 17, 1930.)

*Messrs. Kryder, Rogers & Bailey,* for plaintiff in error.

*Mr. W. A. Summit* and *Mr. J. L. Amerman,* for defendant in error.

SHERICK, J.  It is herein by this action in error sought to reverse a judgment for $10,000 entered on the verdict in favor of the administratrix, Annis L. Derenberger, who was the plaintiff below.

We do not feel that it would be profitable to state all of the facts and issues in this case other than to say that the action grows out of an automobile collision, occurring at the intersection of a main market highway and a cross-country road.  It is in evidence that the decedent, Alfred S. Derenberger, was proceeding south on the main market highway, and that his car was then being driven by his fiancee, and that the defendant, Paul Foust, was proceeding east on the crossroad, his car at the time being operated by his fiancee.

The cars came into collision at the intersection of these two roads.  The evidence discloses that the car in which the plaintiff in error, Foust, was riding had been driven head-on into the side of the car in which the decedent was riding.  The decedent sustained a fractured skull, and from this injury he died.

The administratrix sued both Foust and his fiancee.  She was dismissed from the suit at the conclusion of all the evidence, upon a motion to elect, and the action proceeded to final judgment against Foust.  The petition charged that Foust and his fiancee were engaged in a joint enterprise; which was not proved.

The plaintiff's petition charges numerous grounds of negligence on the part of defendants.  The an-

swer thereto of the defendant Foust sets up three certain defenses, the second of which is material to a determination of the principal question presented in this case.

It is affirmatively pleaded as a second defense that the injury was occasioned by the sole negligence of the decedent's fiancee.

The court in its general charge, immediately after stating the issues raised by the petition and Foust's answer, proceeded to say to the jury:

"These allegations made in the plaintiff's petition and denied in defendant's answer put in issue the material allegations of the plaintiff's petition. In the State of Ohio, it is a rule of law that one who affirms or alleges a proposition must prove it. That is, the person who alleges the affirmative of a proposition has the burden of proof, which means the duty of initiating or first offering evidence to prove his assertions or allegations, and if the one who holds the burden offers no evidence on a particular proposition he must fail on that said proposition.

"It is also a rule of law that one having the burden of proof must sustain his contentions by a preponderance of the evidence, or fail. By a preponderance of the evidence is meant the greater weight of the evidence."

The court then goes on to further define what is meant by preponderance of the evidence, by burden of proof, and how the same may be arrived at, and then proceeds further to say:

"So, when I use the terms 'burden of proof' and 'preponderance of the evidence,' whether applied to

the plaintiff or defendant, you will understand that I use them in the sense just defined."

Now it is insisted on the part of the plaintiff in error that this portion of the charge in the instant case is erroneous, and several reasons are advanced therefor. To the charge as a whole the plaintiff in error generally excepted.

As a general proposition of law it must be conceded that the law as stated by the trial court is correct, but, when considered in connection with the issues made or attempted to be made by the defendant's answer, we are of opinion that this portion of the charge is subject to serious objection.

It will be recalled that the second defense which was affirmatively pleaded alleges that the injury was due to the sole negligence of the decedent's fiancee, and, Foust's fiancee having been discharged from the suit, the second defense amounts to a charge that the injury was due to the sole negligence of a third party, and this is true, irrespective of the fact that the administratrix alleges that the deceased was a passenger in the car then being driven by his fiancee.

It is held in the case of *Montanari* v. *Haworth,* 108 Ohio St., 8, 140 N. E., 319, and rightly so, that such an averment of negligence in an answer does not state an affirmative defense, and that an instruction such as was given in this case, which places upon a defendant the burden of proving by a preponderance of the evidence the negligence of a third party and that the negligence of such third party was the proximate cause of the injury sustained, is erroneous and prejudicially so.

The court in its charge to the jury in the instant

case treats this answer as if it was a well-pleaded affirmative defense, and by the language used there was cast upon the defendant a burden to prove the same, which is not warranted in law. In this respect the trial court erred, and because of this the defendant has not had a fair trial.

Other grounds of error have been indicated to this court, all of which we have inquired into, and it is the conclusion of this court that such are not well taken save and except that the court should have in part sustained that part of the plaintiff in error's motion which was directed to the plaintiff's petition, seeking to cause certain indefinite allegations and conclusions therein to be made definite and certain, so that the defendant might be definitely apprised of the acts of negligence with which he stood charged.

It is therefore the judgment of this court that this case be reversed and remanded to the trial court for further proceedings.

*Judgment reversed and cause remanded.*

LEMERT, P. J., and JUSTICE, J. (of the Third Appellate District, sitting by designation), concur.